# Clark, Adm'r, *v.* Kirksey.

### *Real Action in the Nature of Ejectment.*

1. *Sale of decedent's land; when valid.*—A sale of lands of a judgment debtor, made under an *alias pluries* execution issuing after his death, in continuance of a lien created during his life, is valid without any *revivor* against the heirs.

2. *Same; remedy, when heirs are injured by.*—The heirs to whom the land descends in such case, take it encumbered with the lien. If they can show that the execution has been satisfied, or that from any cause the lien is lost, or should not be enforced, *supersedeas* affords them an ample remedy. The present statute only requires them to be the actors in showing cause against the lien, instead of being proceeded against by *scire facias*, as under the former statutes.

APPEAL from Greene Circuit Court.

Tried before Hon. LUTHUR R. SMITH.

This was a real action in the nature of ejectment brought by T. C. Clark, as administrator of A. F. Alexander, deceased, against Foster M. Kirksey, to recover certain lands.

Appellant's intestate, A. F. Alexander, was surety on the guardianship bond of one James R. Evans, against whom a judgment in favor of his wards was obtained in 1861. An execution issued on this judgment, and on return of "no property found," an *alias* execution was issued against Evans, Alexander and the other sureties on his bond. This execution was returned by order of the plaintiffs. In 1862 *pluries fi. fas.* were issued, which were returned by the sheriff without any indorsement. In January, 1863, executions were issued, but never delivered to the sheriff. No further action in the premises was had until the 19th of February, 1866, when, without any action but that stated above, and without a revival or renewal of the decrees, execution was issued on the original decrees of the probate court in 1861. This execution was levied on the lands in controversy, and after legal notice the sheriff sold them on the 8th day of October, 1866. At the sale the defendant Kirksey became the purchaser, and has since January 1st, 1867, been in possession of the premises.

Alexander died on the 6th day of April, 1866, and appellant was appointed his administrator on the 6th day of June, 1870.

Under this state of facts the court charged the jury that "if they believed the evidence, they must find for the de-

fendant," which charge was duly excepted to, and is now assigned as error.

R. H. SMITH, and ENOCH MORGAN, for appellant.

W. COLEMAN, contra.

BRICKELL, C. J.—The only question presented by this record, is, can a valid sale of lands of a deceased judgment debtor be made under an *alias pluries* execution, issuing after his death, in continuation of a lien created during his life, without any revivor against his heirs. The question was considered by this court in the case of *Hendon v. White,* 52 Ala. 597, and in several previous cases. After careful examination and deliberate consideration, it was answered affirmatively. Subsequent reflection and examination has not induced any doubt, but has rather confirmed us in the correctness of the opinion. It is doubtless a radical departure from the decisions of this court prior to the Code, and is not consonant with the principles of the common law. The departure was wrought by legislation, not by judicial decision. The Code as to the lien of an execution, and the authority of sale it confers, has removed all distinction between lands and personal property. Each is subject to the payment of debts—the mandate of an execution is directed against each—and the lien is attached to each in the words of the statute, "on the lands and personal property of the defendant, subject to levy and sale." Then, it is declared, a "writ of *fieri facias* issued and received by the sheriff during the life of the defendant, may be levied after his decease, or an *alias* issued and levied, if there has not been the lapse of an entire term so as to destroy the lien originally created."—R. C. § 2875. The lien originally created was on the lands, as well as on the personal property. The continuance and preservation of this lien, notwithstanding the death of the defendant, is the purpose of the statute. Neither the words of the statute, nor its purpose, nor its harmony with other statutes, to which it is related, permit a construction which will limit its operation to personal property. There is a lien created by the delivery of an execution to the proper officer, on the lands of the defendant. This lien is either wholly lost by the death of the defendant, or it is preserved by this statute. There is no statute authorizing its preservation and continuance by *scire facias* or other process against his heirs and personal representatives, as there were prior to the Code, when judgments were liens on lands, co-

[McPherson v. The State.]

extensive with the State, and executions were liens on personal property only within the county in which they were issued.—Clay's Dig. 197, § 27. On the contrary, it is expressly provided, that except in the case of an execution issuing under the statute to which we have referred, for the continuance and preservation of a lien, no execution on a judgment against a deceased defendant can be issued, and the judgment cannot be revived except by suit thereon.—R. C. § 2289. The execution issued in continuance of the lien acquired in the life of the deceased accomplishes, and it was intended should accomplish, all that was obtained by a revivor on *scire facias* against the heirs and personal representatives under the former statutes. Such revivor is of consequence unnecessary, and is inhibited. The only effect of the *scire facias*, all that it accomplished, was to enable a plaintiff to make available the lien acquired by the judgment in the life of the defendant. It was in England, and here, a purely statutory remedy unknown to the common law, which had no process or remedies to subject lands to the payment of debts, whether of record or due only by contract. We cannot doubt that the statute authorizes the levy and sale of lands, as well as of personal property under an execution issuing in continuance of a lien, though the defendant in execution may be dead. The descent of the lands to the heirs is incumbered with the lien. If they can show the satisfaction of the execution, or that from any cause the lien is lost or should not be enforced, a *supersedeas*, which, in our practice, is in the nature of the *audita querela* of the common law, affords them an ample remedy. The statute only requires them to be the actors in showing cause against the lien, instead of being proceeded against by *scire facias*, as under the former statute. It deprives them of no right they enjoyed, nor subjects them to any liability not imposed by former laws.

The judgment is affirmed.